### STEPHEN GOSE *v.* JAMES McDONALD, ET AL.

**Landlord and Tenant—Execution of Writ of Possession.**

A delay in executing a writ of possession is a mere favor extended to the defendant, and is not an abandonment of a right to enforce the judgment.

#### APPEAL FROM BATH COURT OF COMMON PLEAS.

November 30, 1877.

OPINION BY JUDGE PRYOR:

The fact that the first writ of possession was returned, or not executed, authorized the issuing of the second writ, unless the appellant had satisfied the judgment or become tenant of the parties, so as to oust the court of its jurisdiction over the subject-matter. It is plain that the delay in executing the writ was a mere favor extended the appellant by reason of the bad health of his wife, and to enable him to remove his crop, the appellant agreeing to surrender possession at a fixed time. This was not an abandonment of appellee's right to enforce the judgment, but an agreement to delay its execution upon the promise of the appellant to deliver the possession on the first of March, 1877.

In this case an affidavit of appellant appears, in which he says that the reversal of the judgment in this court operated to destroy or

make void the writ of possession; that he had the full right to the use and occupation of the premises, and that the record in the common pleas court will show that. the children of McDonald had no right to lease the land, etc. The appellant is denying the right of the children to the land in controversy, and while making an affidavit in the one instance that they had no right to lease, is claiming in the next that they had such right, and by reason of the writing he is entitled to the possession. At the time the writ issued the appellees were entitled to the possession, and there is no reason shown why it was not delivered. There is no defense relied on in this case, and the fact that the children saw proper to bring their writ of forcible detainer was not an abandonment of their right to proceed to vacate the judgment. Appellant acted with a full knowledge of the fact that he had no right to the possession, or to hold over after time granted him, and must abide the consequences. At best the extension of time was a mere favor, as shown by the statement of the sheriff, although there was an agreement to pay rent, and the court below acted properly in permitting the writ to go. Judgment *affirmed.*

*H. L. Stone, for appellant. V. B. Young, for appellees.*